**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4659**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID PATE,

Defendant - Appellant.

**No. 17-4660**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAMUEL LITTLE,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:16-cr-00307-RJC-DCK-2; 3:16-cr-00307-RJC-DCK-5)

Submitted: May 15, 2018                              Decided: May 25, 2018

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Dismissed by unpublished per curiam opinion.

David Alan Brown, Sr., Rock Hill, South Carolina; John David Bryson, WYATT, EARLY, HARRIS & WHEELER, LLP, High Point, North Carolina, for Appellants. Anthony Joseph Enright, Assistant United States Attorney, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Pate and Samuel Little seek to appeal their sentences following guilty pleas to certain controlled substance offenses. Little also raises an ineffective assistance of counsel claim. The Government has moved to dismiss the appeals as barred by Appellants' waivers of their right to appeal included in each of their plea agreements. Upon review of the record, we conclude that Pate knowingly and voluntarily waived his right to appeal and that the issue Pate seeks to raise on appeal falls squarely within the compass of his waiver of appellate rights. Accordingly, we grant the Government's motion to dismiss Pate's appeal.

We further conclude, after reviewing the plea agreement and the transcript of Little's Fed. R. Crim. P. 11 hearing, that he knowingly and voluntarily waived his right to appeal and that the issue Little seeks to raise on appeal regarding the reasonableness of his sentence falls squarely within the compass of his waiver of appellate rights. Accordingly, we grant the Government's motion to dismiss Little's appeal as to that claim.

The appeal waiver does not foreclose Little's ineffective assistance of counsel claim. However, claims of ineffective assistance generally are not cognizable on direct appeal. *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018). To allow for adequate development of the record, a defendant must bring his ineffective assistance claims in a 28 U.S.C. § 2255 (2012) motion, unless "the record conclusively shows ineffective assistance." *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Here, the record does not conclusively establish that counsel for Little provided ineffective assistance. Accordingly, this claim is subject to dismissal as well. We dispense with oral

3

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*